**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2236
_____

JUAN DISLA VASQUEZ,
Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of Order of the
Board of Immigration Appeals
(Agency No. A055-011-649)
Immigration Judge:  Leo A. Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 29, 2021

Before: MATEY and JORDAN, *Circuit Judges*, BOLTON[*], *Senior District Judge*.
_____

OPINION[**]

_____

_____

[*] The Honorable Susan R. Bolton, Senior United States District Judge for the
District of Arizona, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

BOLTON, *Senior District Judge*

Juan Disla Vasquez ("Vasquez") petitions for review of a decision by the Board of Immigration Appeals ("the Board" or "BIA") denying his application for cancellation of removal. The Board reversed an immigration judge's grant of Vasquez's application based on discretionary grounds. For the reasons given below, we conclude that we have no jurisdiction to review the denial by the BIA so we will dismiss Vasquez's petition.

Vasquez, a native and citizen of the Dominican Republic, was admitted to the United States as a legal permanent resident on August 17, 2001 as a 17-year old. He has never returned to the Dominican Republic in the nearly 20 years he has been in the United States and lacks strong family ties to that country. In contrast to his lack of ties to the Dominican Republic, Vasquez has many family members who live in the United States, including his U.S. citizen wife and son who live in Florida. Since his arrival, Vasquez has maintained a fairly consistent employment record and generally paid his taxes.

Vasquez also has three criminal convictions. The first conviction, stemming from an incident in 2011 where he exposed his genitalia to a female neighbor from the second story of his home, was for endangering the welfare of a child. Although no children were apparently present at the time of the incident, Vasquez noted in his plea colloquy that children often played in the area. Vasquez was convicted in 2013 and received a sentence of three years imprisonment, mandatory registration as a sex offender under Megan's Law, and lifetime parole supervision. Vasquez also has two convictions stemming from separate incidents in 2017 for Criminal Mischief-Damage to Property and a DUI.

In 2017, DHS initiated removal proceedings against Vasquez based on his 2013 criminal conviction and charged him as removable under 8 U.S.C. § 1227(a)(2)(E)(i) as an alien who had been convicted of a crime of domestic violence, stalking, or child abuse, child neglect, or child abandonment. Vasquez contested removability and applied for cancellation of removal. In 2019, an immigration judge found Vasquez removable, but granted Vasquez's application, determining that he warranted a positive exercise of discretion. That decision was appealed to the Board, which reevaluated the immigration judge's discretionary grant and disagreed with the immigration judge's assessment of the seriousness of Vasquez's 2013 conviction. The Board reweighed Vasquez's positive equities against the negative factors, denied the application for cancellation, and ordered him removed to the Dominican Republic. Vasquez then filed a timely petition for review with this Court.

Vasquez challenges the Board's denial of his application for cancellation of removal based solely on the assertion that the Board "seriously erred" in reversing the decision of the immigration judge. Vasquez argues that the Board failed to properly consider his positive equities and overemphasized his criminal convictions in reaching its decision on whether his case warranted a positive exercise of discretion.

We do not have jurisdiction to review the discretionary decisions of the Attorney General regarding denial of applications for cancellation of removal. 8 U.S.C. § 1252 (a)(2)(B)(i) ("[N]o court shall have the jurisdiction to review any judgment regarding the granting of relief under . . . 1229b . . . of this title[.]"); 8 U.S.C. § 1229b(a) (cancellation of removal for legal permanent residents); *see Hernandez-Morales v. Att'y Gen. of the*

3

*United States*, 977 F.3d 247, 249 (3d Cir. 2020) ("We lack jurisdiction to review discretionary denials of relief under § 1229b."). In such cases, we do retain jurisdiction over questions of law and constitutional issues. *See* 8 U.S.C. § 1252(a)(2)(D). However, Vasquez has not raised any colorable questions of law or constitutional issues as to the denial of his application for cancellation of removal. He does argue that the Board is "overemphasizing" his 2013 conviction by failing to take into account the nature, recency, and seriousness of that conviction, as it was required to do under binding BIA precedent. *See Matter of Marin*, 16 I.&N. Dec. 581 (BIA 1978); *Matter of Wadud*, 19 I.&N. Dec. 182 (BIA 1984). However, even a cursory reading of the Board's decision makes it clear that the Board did take the nature, recency, and seriousness of the conviction into account. Vasquez merely disagrees with the Board's conclusions regarding the seriousness of that offense, as well as his entire criminal record. That does not rise to the level of a colorable legal question or constitutional claim. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 190 (3d Cir. 2007) ("Recasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction.").

Because we lack jurisdiction over the Board's discretionary decision to deny Vasquez's application for cancellation of removal, we will dismiss the petition for review.

4